### On Application to File Second Motion for Rehearing.

LATTIMORE, J. Appellant seeks permission to present a second motion for rehearing upon the proposition that the facts in this case are identical with those in the case of Willie Davis v. State (Tex. Cr. App.) 288 S. W. 456, from Hopkins county, recently reversed. Appellant is mistaken. The allegations in the motion to quash the bill of indictment in the Davis Case and the instant case are entirely different.

The application to file second motion for rehearing is denied.

---

### CANALES v. STATE.   (No. 10708.)

(Court of Criminal Appeals of Texas. Jan. 26, 1927.)

Criminal law ⟷1131(5)—Defendant's escape, pending appeal, ousts appellate court's jurisdiction (Code Cr. Proc. 1925, art. 824).

Under Code Cr. Proc. 1925, art. 824, escape of defendant, pending an appeal, ousts the Court of Criminal Appeals of jurisdiction.

Appeal from Criminal District Court, Cameron County; A. W. Cunningham, Judge.

Jose Canales was convicted of rape, and he appeals. Appeal dismissed.

Fausto Yturria and Graham & Graham, all of Brownsville, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HAWKINS, J. Appeal is from a conviction for rape, with punishment of ten years in the penitentiary.

It is made to appear by affidavit of the sheriff of Cameron county that on the night of January 10, 1927, appellant escaped from jail where he was confined, pending his appeal. By virtue of article 824, Code of Criminal Procedure (Rev. 1925), such escape ousts this court of jurisdiction.

Therefore the appeal is ordered dismissed.